UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

GERARDO ALONSO GONZALEZ and LUIS MIGUEL LEON MIRANDA,

                Plaintiffs,

-against-

G&J STEEL AND TUBING INC. and SUSAN TURSKY,

                Defendants.

---

**22 Civ. 2377**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Gerardo Alonso Gonzalez and Luis Miguel Leon Miranda (collectively, "Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of Defendants G&J Steel & Tubing Inc. ("G&J Steel") and Susan Tursky (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1. Gonzalez worked as a maintenance worker and handyman, and Miranda worked as a machine operator and quality control inspector, at G&J Steel. Throughout their employment with G&J Steel, Plaintiffs regularly worked more than forty hours per workweek, but Defendants paid them at the same "straight time" hourly rate for all hours worked, including hours worked over forty per workweek. In other words, Defendants failed to pay Plaintiffs the statutorily required overtime wage rate of time and one-half for hours worked over forty per workweek.

2. Plaintiffs bring this action to recover their unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11 – 56(a) *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events giving rise to Plaintiffs' claims occurred at G&J Steel, which is located and operated by Defendants in the District of New Jersey.

## THE PARTIES

**Plaintiff Gerardo Alonso Gonzalez**

5. Gerardo Alonso Gonzalez resides in Somerset County, New Jersey.

6. Gonzalez worked for G&J Steel as a maintenance worker from approximately the summer of 2015 to December 21, 2021.

**Plaintiff Luis Miguel Leon Miranda**

7. Luis Miguel Leon Miranda resides in Somerset County, New Jersey.

8. Miranda worked for G&J Steel as a machine operator and quality control inspector from approximately October 16, 2021 to February 5, 2022.

**Defendant G&J Steel & Tubing Inc.**

9. Defendant G&J Steel & Tubing Inc. is a New Jersey corporation located at 301 Roycefield Road, Hillsborough, New Jersey 08844.

10. G&J Steel "specializes in tube bending and tube forming" and has "more than 40 years of fabrication experience." *See* https://www.gjsteel.com (last visited April 25, 2022).

11. G&J Steel is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. G&J Steel has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13. In each of the three years preceding the filing of this Complaint, G&J Steel has had an annual gross volume of sales in excess of $500,000.

**Defendant Susan Tursky**

14. Upon information and belief, Susan Tursky is an owner and principal of G&J Steel.

15. Throughout Plaintiffs' employment, Tursky was regularly present at G&J Steel and directed the day-to-day operations of G&J Steel.

16. For example, Tursky directed Gonzalez's daily duties via text messages.

17. For example, Tursky approved all of Gonzalez's purchases for G & J Steel's supplies.

18. Tursky exercised the authority to hire and fire. For example, on November 30, 2021, Tursky told Gonzalez via text messaged that she would let him know whether to hire his sister.

19. On December 12, 2021, Gonzalez asked Tursky via text message if she was still seeking employees, to which Tursky responded she needed someone to work for a couple of weeks. Tursky then said Gonzalez's friend could start "Monday at 8 or 9 and get trained by Amy."

20. Tursky had the authority to determine employees' wages. For example, on April 2, 2021 (*i.e.,* Good Friday), Tursky directed Gonzalez to go home and informed him that he and other factory workers would receive holiday pay moving forward.

21. Tursky exercised sufficient control over G&J Steel's operations to be considered Plaintiffs' employer under the FLSA and the NJWHL.

## FACTUAL ALLEGATIONS

**Gonzalez's Duties, Hours Worked, and Wages Paid**

22. Gonzalez's primary duties included cleaning the warehouse area, maintaining machinery, painting, washing windows, performing repairs, cleaning, and conducting other general building maintenance tasks.

23. Throughout his employment at G&J Steel, Gonzalez typically worked sixty hours per workweek, Monday to Friday from 6:00 a.m. to 5:30 p.m., with a thirty-minute break per workday, and Saturday from 7:00 a.m. to 12:00 p.m., with no break during the day.

24. In 2015, Defendants paid Gonzalez an hourly rate of $10.00 for all hours worked, including for hours worked over forty per workweek.

25. In 2016, Defendants paid Gonzalez an hourly rate of $11.00 for all hours worked, including for hours worked over forty per workweek.

26. In 2017, Defendants paid Gonzalez an hourly rate of $13.00 for all hours worked, including for hours worked over forty per workweek.

27. In 2018, Defendants paid Gonzalez an hourly rate of $16.00 for all hours worked, including for hours worked over forty per workweek.

28. From approximately the winter of 2019 to the end of his employment, G&J Steel paid Gonzalez an hourly rate of $18.00 for all hours worked, including for hours worked over forty per workweek.

**Miranda's Duties, Hours Worked, and Wages Paid**

29. Miranda's primary duties included maintaining and operating machinery for the manufacture of bullets and plane brakes, washing and drying machine pieces, and inspecting the quality of machine pieces to ensure G&J Steel's standards were met.

30. Throughout his employment at G&J Steel, Miranda typically worked fifty hours per workweek, five days per workweek, from 6:00 a.m. to 4:30 p.m., with a thirty-minute break per workday.

31. However, Miranda often worked until 10:00 p.m. five days per workweek throughout his employment, totaling seventy-seven and a half hours per workweek on those workweeks.

32. Miranda was also required to work at least three Saturdays a month from 6:00 a.m. to 12:00 p.m., with a thirty-minute break per workday, totaling between fifty-five and a half to eighty-three hours per workweek on those workweeks.

33. Throughout his employment, G&J Steel paid Miranda an hourly rate of $14.00 for all hours worked, including for hours worked over forty per workweek.

**FIRST CLAIM**
**(NJWHL – Unpaid Overtime)**

34. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

35. Under the NJWHL, Defendants were required to pay Plaintiffs one and one-half (1½) times their regular rates of pay for all hours they worked in excess of forty hours in a workweek.

36. Plaintiffs regularly worked more than forty hours per week.

37. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NJWHL.

38. Defendants' violation of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

39. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiffs.

40. Defendants willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiffs.

41. Due to Defendants' willful violations of the NJWHL, Plaintiffs are entitled to recover their unpaid overtime wages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (FLSA – Unpaid Overtime)

42. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

43. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages at the rate of one and one-half their regular hourly wage rates, which cannot be less than the applicable minimum wage rate, per hour worked in excess of forty per workweek.

44. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

46. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

47. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

    a.    declare that Defendants violated the overtime wage provisions of the FLSA and the NJWHL;

    b.    declare that Defendants' violations of the FLSA and NJWHL were willful;

    c.    award Plaintiffs unpaid overtime wages;

    d.    award Plaintiffs liquidated damages pursuant to the FLSA and the NJWHL;

    e.    award Plaintiffs pre- and post-judgment interest under the NJWHL;

    f.    award Plaintiffs' reasonable attorneys' fees and costs incurred prosecuting this action pursuant to the FLSA and the NJWHL; and

    g.    award such other and further relief as the Court deems just and proper.

*(Continued on next page)*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
      April 25, 2022

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
*Attorneys for Plaintiffs*